UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

QUENTIN LA GRANDE,

                          Plaintiff,

        -against-                                          1:08-CV-0738 (LEK/DRH)

TOWN OF BETHLEHEM
POLICE DEPARTMENT, et al.,

                          Defendants.

_____

## DECISION AND ORDER

        Plaintiff *pro se* Quentin La Grande ("Plaintiff" or "La Grande") commenced the instant

action against Defendants Robert Helligrass[1], Stephen Kraz[2] and the Town of Bethlehem Police

Department (collectively, "Defendants") pursuant to 42 U.S.C. § 1983.  Complaint (Dkt. No. 1).

Presently before this Court is Defendants' Motion to dismiss (Dkt. No. 13) and Plaintiff's Motion

for summary judgment (Dkt. No. 12).  For the following reasons, Defendants' Motion to dismiss is

granted and Plaintiff's Motion for summary judgment is denied.

## I.      BACKGROUND

        According to Plaintiff, "[o]n April 1, 2008 I was threaten by Patrol Officer William Craz.

Patrol Officer called me a 'Nigger,' and also threaten to cause bodily harm to me.  On April 2, 2008

_____

        [1]  Incorrectly named in the Complaint as "R.J. Helliergrass."  See generally Complaint (Dkt.
No. 1).

        [2]  Incorrectly named in the Complaint as "William Craz."  See generally Complaint.

I met with Seargent R.J. Helliergrass and was interogated, and racial harrassed.  On or about April 5, 10, 15, May 6, 8, 10, 15, and June 6, 2008, I have been followed by the Bethlehem Police Department."  Compl. at 2.  Plaintiff's jurisdictional statement asserts that the Complaint is being brought pursuant to 42 U.S.C. § 1983.  Id. at 1.

In lieu of filing an answer, on March 11, 2009, Defendants filed the Motion to dismiss presently before the Court.  Mot. to Dismiss (Dkt. No. 13).  Plaintiff also filed a Motion for summary judgment on February 24, 2009, which is now before the Court.  Mot. for Sum. Judg. (Dkt. No. 12).

## II.    DISCUSSION

### A.    Defendants' Motion to Dismiss

#### a.    Standard of Review

In order to withstand a motion to dismiss, "a [pleading] must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A party must plead with such factual detail so as to sufficiently "'nudge [] [its] claims . . . across the line from conceivable to plausible.'"  Iqbal, 129 S. Ct. at 1950-51 (quoting Twombly, 550 U.S. at 570).  While stating a claim does not require the recitation of detailed factual allegations, it does, however, require facts sufficient to state a claim to relief that is *prima facie* plausible.  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).  The Court must accept the allegations in the well-pleaded complaint as true, Albright v. Oliver, 510 U.S. 266, 268 (1994), and draw all inferences in favor of the non-moving party.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1973); Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154 (2d Cir. 2006); King v. Am. Airlines, Inc.,

2

284 F.3d 352, 356 (2d Cir. 2002).

In assessing the legal sufficiency of the Complaint, the Court is mindful that La Grande is a *pro se* litigant and his submissions are subject to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  The Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999); see Hemphill v. New York, 380 F.3d 680, 687 (2d Cir. 2004) (""It is well-established that 'when a plaintiff proceeds *pro se* the court is obligated to construe his pleadings liberally, particularly when they allege civil rights violations'") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).  However, a plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

   **b.**   **Analysis**

Defendants move to dismiss Plaintiff's Complaint in its entirety pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure.[3]  Mot. to Dismiss (Dkt. No. 13) at 1.  Defendants specifically argue that all causes of action against the Town of Bethlehem Police Department must be dismissed as it is not a legal entity subject to suit under 42 U.S.C. § 1983 and further that Plaintiff's entire Complaint should be dismissed for failing to state a cause of action.  Id. at 4.

   **i.**   **Town of Bethlehem Police Department**

---

[3] Defendants argue, alternatively, that Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e) and for failing to adhere to Rule 8(a) of the Federal Rules of Civil Procedure. The Court need not address these arguments as it is dismissing Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Town of Bethlehem moves to dismiss Plaintiff's Complaint on the ground that it is not susceptible to suit under 42 U.S.C. § 1983.  While a municipality may be susceptible to suit under 42 U.S.C. § 1983, a municipal police department is not.  See Walker v. Waterbury Police Dep't., 08-cv-959 (JG) (AKT), 2009 U.S. Dist. LEXIS 7933, at *5 (E.D.N.Y. Feb. 4, 2009).  "Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."  Id. (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)).  Accordingly, claims asserted under 42 U.S.C. § 1983 will be dismissed against a municipality's police department.  See Walker, 2009 U.S. Dist. LEXIS 7933, at *5 (internal citation omitted); see also Baker v. Willett, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999).

Here, Plaintiff has sued the Town of Bethlehem Police Department along with two individual officers of the department.  See generally Compl.  Plaintiff's Complaint asserts that it is brought pursuant to 42 U.S.C. § 1983 and does not provide any other basis for the claims.  Id. at 1. Since the Bethlehem Police Department cannot be sued pursuant to 42 U.S.C. § 1983, Plaintiff's Complaint is dismissed as against the Town of Bethlehem Police Department.

Even assuming *arguendo* that Plaintiff's claims against the Town of Bethlehem Police Department can be construed as a claim against the Town of Bethlehem, Plaintiff's Complaint would still be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

In order to state a cause of action for municipal liability under 42 U.S.C. § 1983, "a plaintiff must allege that the municipality has adopted a custom or policy which is the moving force behind the [alleged constitutional violation]."  Zappala v. Albicelli, 980 F.Supp. 635, 649 (N.D.N.Y. 1997). A municipality cannot be held liable on the basis of *respondeat superior* and "a single incident

4

alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy." Campanaro v. City of Rome, 999 F.Supp 277, 281 (N.D.N.Y. 1998); see also Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993).

Plaintiff's Complaint is devoid of any allegations that the Town of Bethlehem had a policy or custom of violating constitutional rights, nor does plaintiff allege or even allude that the Town was deliberately indifferent to his constitutional rights.  The complete failure to plead such warrants dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Complaint fails to state a cause of action for which relief can be granted under 42 U.S.C. §1983.  See Campanaro, 999 F.Supp at 281; Dwares, 985 F.2d at 100.

### ii.     Defendants Kraz and Helligrass

La Grande's Complaint alleges that between April and June 2008, he was "racially harassed," "threatened" and "interrogated" by Defendants Kraz and Helligrass, two officers of the Bethlehem Police Department.  Compl. at 2. Specifically, La Grande alleges that on multiple occasions the officers addressed him with a racial epithet and followed him through town.  Id.  It is well settled in this Circuit that "42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse."  Murray v. Pataki, No. 9:03-cv-1263, 2007 U.S. Dist. LEXIS 26959, at *22 (N.D.N.Y. Mar. 29, 2007) (Kahn, J.) (quoting Gill v. Hoadley, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003)) (collecting cases).  "[V]erbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."  Murray, 2007 U.S. Dist. LEXIS, at * 22 (quoting Moncrieffe v. Witbeck, 2000 U.S. Dist. LEXIS, at *3

5

(N.D.N.Y. June 29, 2000)); see also Zeno v. Cropper, 650 F.Supp. 138, 141 (S.D.N.Y. 1986) ("vile and abusive language . . . no matter how abhorrent or reprehensible cannot form the basis for a § 1983 claim) (internal citation and quotation omitted).  Further, "threats do not amount to violations of constitutional rights." Murray, 2007 U.S. Dist. LEXIS, at *23 (quoting  Malsh v. Austin, 901 F.Supp. 757, 763 (S.D.N.Y. 1995)).

In this case, Plaintiff's claim for verbal harassment in the form of racial slurs and threats is not actionable under § 1983 and, therefore, fails to state a claim entitled to relief.  Compl. at 2.

### B.	Plaintiff's Motion for Summary Judgment

Even assuming *arguendo* that this Court did not grant Defendants' Motion to dismiss, Plaintiff's Motion for summary judgment would still be denied.  Under the Local Rules, "*all* motions . . . require a memorandum of law, supporting affidavit, and proof of service on all the parties."  N.D.N.Y. L.R. 7.1 (a) (emphasis added).  "All memoranda of law shall contain a table of contents and, wherever possible, parallel citations."  Id. at 7.1 (a)(1).  Further "[a]ny motion for summary judgment shall contain a Statement of Material Facts . . . Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion."  Id. at 7.1 (a)(3) (emphasis in original).

Here, not only did the Plaintiff fail to submit a memoranda of law in support of his Motion for summary judgment and an affidavit but he also failed to submit a Statement of Material Facts.  In fact, in his Motion for summary judgment filed on February 24, 2009, Plaintiff explicitly stated, "I will provide this Court with a 'Law Memorandum' in support of my motion; such will contain applicable law, and case law.  I will submit this to the Court on or before March 6, 2009."  Mot. for Sum. Judg. at 1.  To date, this Court has nor received said memorandum of law.  While this Court

recognizes Plaintiff's *pro se* status, he has failed to comply with *all* of the Local Rules.  See Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983) (a plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law").  Accordingly, Plaintiff's Motion for summary judgment is denied for failing to comply with the relevant rules of procedure.  See, e.g., N.D.N.Y. L.R. 7.1 (a), 7.1 (a)(3).

### C.    Amended Complaint

Plaintiff also moves to amend his Complaint.  Response (Dkt. No. 27).  While *pro se* litigants are generally afforded wide latitude and an opportunity to amend, a District Court need not permit an amendment to a Complaint where it would be futile.  See Forman v. Davis, 371 U.S. 178, 182 (1962) (holding that although leave to amend should be freely given where justice so requires, a district court need not grant leave if amendment would be futile); Acito v. Imcera Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995).

Here, Plaintiff's Complaint does not state any viable causes of action under 42 U.S.C. § 1983.  Further, Plaintiffs Complaint does not state which, if any, of his constitutional rights were violated by Defendants nor does it plead any facts to establish municipal liability.  Plaintiff's Complaint also does not plead any facts supporting his allegations that he was "racially harassed," "threatened" or "interrogated."  Since, as the Court discussed above, none of the complained of actions provides the basis for a cognizable cause of action, leave to cure these defects would be futile.  These deficiencies may have been excusable, albeit not cureable, had this Court not previously informed Plaintiff of the requirements for pleading a cause of action under 42 U.S.C. §

7

1983 against a municipality.  See La Grande v. Albany Police Dep't, 1:07-CV-757 (Dkt. No. 4).[4]

Given that leave to amend would be futile, this Court denies Plaintiff's request.

## III.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 13) is **GRANTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's request to amend his Complaint (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion for summary judgment (Dkt. No. 12) is **DENIED in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:        September 01, 2009
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[4]  Notably, Plaintiff has also filed numerous Complaints in the Northern District, many of which include assertions of civil rights violations and racial discrimination or harassment, wherein Plaintiff has been granted leave to amend his complaints. Plaintiff has filed eleven suits in the Northern District since 2000, including the instant matter.  In fact, on May 12, 2008, Chief United States District Judge Norman A. Mordue entered an order enjoining Plaintiff from filing any further actions or pleadings in this district without the prior permission of the Chief Judge.  Dkt. No. 6. This Order was entered based on a record of vexatious and frivolous pleadings previously filed by La Grande.